******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

# NAILIA VODOVSKAIA-SCANDURA *v.* HARTFORD HEADACHE CENTER, LLC, ET AL.
## (AC 41049)

Alvord, Elgo and Moll, Js.

*Syllabus*

The plaintiff physician sought to recover damages from the defendant medical practice and its sole member for negligence and intentional infliction of emotional distress in connection with the termination of her employment. The trial court granted the defendants' motion for summary judgment, concluding that the plaintiff had not provided an evidentiary foundation to demonstrate the existence of a genuine issue of material fact as to the extreme and outrageous conduct element of the intentional infliction of emotional distress claim, or as to the duty and causation elements of the negligence claim. From the summary judgment in favor of the defendants, the plaintiff appealed to this court, challenging the propriety of the court's determination. *Held* that the trial court properly granted the defendants' motion for summary judgment and rendered judgment for the defendants as to the plaintiff's claims of negligence and intentional infliction of emotional distress; that court having properly resolved the issues, this court adopted the trial court's thorough and well reasoned memorandum of decision as a proper statement of the relevant facts, issues and applicable law.

Argued May 28—officially released September 10, 2019

*Procedural History*

Action to recover damages for, inter alia, intentional infliction of emotional distress, and for other relief, brought to the Superior Court in the judicial district of Hartford, where the court, *Bright, J.*, granted the defendants' motion for summary judgment on the complaint and rendered judgment thereon, from which the plaintiff appealed to this court. *Affirmed.*

*Peter White*, with whom, on the brief, was *A. Paul Spinella*, for the appellant (plaintiff).

*Steven C. Rickman*, with whom was *Cristina Salamone*, for the appellees (defendants).

*Opinion*

PER CURIAM. The plaintiff, Nailia Vodovskaia-Scandura, appeals from the summary judgment rendered by the trial court in favor of the defendants, the Hartford Headache Center, LLC, and Tanya Bilchik, M.D.[1] On appeal, the plaintiff claims that the court improperly concluded that no genuine issue of material fact existed as to (1) the extreme and outrageous conduct element of her intentional infliction of emotional distress claim, and (2) the duty and causation elements of her negligence claim. We disagree and, accordingly, affirm the judgment of the trial court.

Following the termination of her employment, the plaintiff commenced this civil action against the defendants in 2013. Her second amended complaint contained twelve counts.[2] In response, the defendants filed an answer and several special defenses. Hartford Headache Center, LLC, also filed a counterclaim against the plaintiff sounding in conversion, statutory theft, and replevin.

The defendants thereafter filed a motion for summary judgment on all twelve counts of that complaint. In opposing the motion, the plaintiff conceded that she could not prevail on ten of her twelve counts and, thus, requested leave to amend her complaint accordingly.[3] In granting that request, the court indicated that it would consider the defendants' motion for summary judgment in light of the allegations set forth in her revised pleading. Days later, the plaintiff filed her amended complaint, which contained two counts alleging intentional infliction of emotional distress and negligence. By memorandum of decision dated October 31, 2017, the court concluded, as a matter of law, that judgment should enter in favor of the defendants on both counts because the plaintiff had not provided an evidentiary foundation to demonstrate the existence of a genuine issue of material fact as to the extreme and outrageous conduct element of her intentional infliction of emotional distress claim or the duty and causation elements of her negligence claim.[4] On appeal, the plaintiff challenges the propriety of that determination.

Our examination of the pleadings, affidavits, and other proof submitted, as well as the briefs and arguments of the parties, persuades us that the judgment should be affirmed. The issues properly were resolved in the court's thorough and well reasoned memorandum of decision. See *Vodovskaia-Scandura* v. *Hartford Headache Center, LLC*, Superior Court, judicial district of Hartford, Docket No. CV-13-6044074-S (October 31, 2017) (reprinted at 192 Conn. App. 562,     A.3d    ). We therefore adopt it as a proper statement of the relevant facts, issues, and applicable law, as it would serve no useful purpose for us to repeat the discussion contained therein. See *Citizens Against Overhead*

*Power Line Construction* v. *Connecticut Siting Council*, 311 Conn. 259, 262, 86 A.3d 463 (2014); *Phadnis* v. *Great Expression Dental Centers of Connecticut, P.C.*, 170 Conn. App. 79, 81, 153 A.3d 687 (2017).

The judgment is affirmed.

[1] At all relevant times, Bilchik was the sole member of Hartford Headache Center, LLC. It is undisputed that Bilchik extended an offer of employment to the plaintiff as a staff physician following the completion of her medical residency.

[2] In her second amended complaint, the plaintiff alleged breach of contract, breach of the covenant of good faith and fair dealing, fraud, libel, three counts of slander, two counts of what the plaintiff termed "defamation/slander," intentional infliction of emotional distress, negligent infliction of emotional distress, and negligence.

[3] At the July 10, 2017 hearing on the defendants' motion for summary judgment, the plaintiff's counsel informed the court that the plaintiff was "withdrawing" all but the intentional infliction of emotional distress and negligence counts.

[4] Hartford Headache Center, LLC, also sought summary judgment on its counterclaim, which the court denied. Because the court's October 31, 2017 judgment disposed of the entirety of the plaintiff's complaint, it is a final judgment for purposes of appeal. See Practice Book § 61-2 (judgment rendered on entire complaint is final judgment); *Heyman Associates No. 5, L.P.* v. *FelCor TRS Guarantor, L.P.*, 153 Conn. App. 387, 396 n.11, 102 A.3d 87 ("the defendant has . . . appealed from a final judgment insofar as at the time the appeal was taken the court had adjudicated the entirety of the plaintiffs' complaint"), cert. denied, 315 Conn. 901, 104 A.3d 106 (2014). Although the plaintiff was entitled under our rules of practice to defer the present appeal until judgment is rendered on the pending counterclaim, she was not obligated to do so. Practice Book § 61-2 provides in relevant part that "[i]f at the time a judgment referred to in this section is rendered, an undisposed complaint, counterclaim or cross complaint remains in the case, appeal from such a judgment *may* be deferred (unless the appellee objects as set forth in Section 61-5) until the entire case is concluded by the rendering of judgment on the last such outstanding complaint, counterclaim or cross complaint. . . ." (Emphasis added.) For that reason, the defendants understandably have not raised any final judgment issue in this appeal.